Filed 7/22/13  In re Wendy P. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8,1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re WENDY P., a Person Coming Under the Juvenile Court Law. | B245792 (Los Angeles County Super. Ct. No. JJ19935) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>WENDY P.,<br><br>        Defendant and Appellant. | |

        APPEAL from an order of the Superior Court of Los Angeles County. Steven Klaif, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

        Stephen Borgo, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

On September 3, 2012, Wendy P., then 13 years old, was slapped by her mother, Martha N., during an argument. Wendy then punched her mother in the face, cutting her mother's forehead.

The People filed a Welfare and Institutions Code section 602 petition alleging Wendy had committed assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count 1), assault by means of force likely to produce great bodily injury (Pen. Code, §245, subd. (a)(4); count 2) and battery with serious bodily injury (Pen. Code, § 243, subd. (d); count 3).

At the conclusion of the jurisdiction hearing, the juvenile court dismissed counts 1 and 2, after finding the People had failed to prove them beyond a reasonable doubt. The court then found Wendy had committed misdemeanor battery (Pen. Code, § 242), a lesser included offense of count 3, and that the conditions of *In re Gladys R.* (1970) 1 Cal.3d 855 were satisfied. Without declaring her a ward of the court, the juvenile court placed Wendy on probation for six months pursuant to Welfare and Institutions Code section 725, subdivision (a), on condition that she complete counseling with her family and write a letter of apology to her mother.

Wendy filed a timely notice of appeal. (See *In re Do Kyung K.* (2001) 88 Cal.App.4th 583, 590 [juvenile may appeal from order placing her on probation without wardship].) We appointed counsel to represent Wendy on appeal.

After examination of the record, counsel filed an opening brief in which no issues were raised. On March 19, 2013, we advised Wendy she had 30 days within which to personally submit any contentions or issues she wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied Wendy's attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**